UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.　2:25-cv-06825-MWC-MAA | Date: September 17, 2025 |
| Title　Logan A. Arias *et al.* v. General Motors LLC *et al.* | |

Present: The Honorable:　Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Plaintiffs' motion to remand (Dkt. 15). JS-6**

  Before the Court is a motion to remand ("Motion") filed by Plaintiffs Logan Arias and Dave Lewis (collectively, "Plaintiffs"). Dkt. # 15 ("*Mot.*"). Defendant General Motors LLC ("GM") opposed, Dkt. # 17, and Plaintiffs replied, Dkt. # 18. The Court finds the matter appropriate for decision without oral argument and **VACATES** the September 19, 2025 motion hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** Plaintiffs' motion to remand.

I. Background

  Plaintiffs filed this action in state court on March 13, 2025, alleging claims under California's Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss Warranty Act ("MMWA"). *See generally* Dkt. # 1 ("*NOR*"), Ex. A ("*Compl.*"). GM answered the complaint on April 17, 2025. *NOR*, Ex. B. On June 16, 2025, as part of Plaintiffs' required disclosures pursuant to California Code of Civil Procedure § 871.26(b), Plaintiffs produced a copy of the subject vehicle's retail installment sales contract ("RISC") to GM. Dkt. # 16-1 ¶ 7, Ex. 2. The RISC listed a total sales price of $63,435.96. *Id.*

  On July 25, 2025, GM removed the case to this Court, invoking diversity jurisdiction. *See generally NOR*. GM states in its notice of removal that GM "[i]n the last 30 days" had "conducted a preliminary investigation" and determined that the case was subject to federal jurisdiction. *Id.* 2. However, GM does not specify or identify the basis of its determination. *See id.* GM concludes, due to "the combination of actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-06825-MWC-MAA | Date: September 17, 2025 |
| Title Logan A. Arias *et al.* v. General Motors LLC *et al.* | |

damages, civil penalties, past, and conservatively calculated future attorneys' fees, the amount in controversy meaningfully exceeds $75,000." *Id.* 6.

On August 8, 2025, Plaintiffs moved to remand, challenging the timeliness of removal. *See Mot.* Because Plaintiffs contend Defendants' removal was objectively unreasonable and clearly foreclosed by the removal statute and relevant case law, Plaintiffs also request fees and costs for having to bring the Motion. *Mot.* 9–10.

II.    Motion to Remand

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see, e.g.*, *Baumann v. BMW of N. Am., LLC*, No. 17-CV-01707-BRO, 2017 WL 1538155, at *5 (C.D. Cal. Apr. 26, 2017) (applying *Gaus* presumption and finding removal of lemon law case untimely).

Because the complaint alleges a claim under the MMWA, the case was removable based on federal question jurisdiction if the amount in controversy exceeded $50,000. *See* 15 U.S.C. § 2310(d) (creating private cause of action for consumers but permitting claims to be filed in federal courts only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit"). GM maintains that removal was not untimely because "the Complaint fails to allege the amount in controversy [] threshold" that would clearly establish federal jurisdiction, so no deadline to remove has been triggered. *Opp.* 1; *see also NOR* 8–9. At the same time, to establish the action is removable, GM appears to rely on the RISC—a document Plaintiffs produced on June 16, 2025. *See NOR* 5 ("GM has estimated the purchase price for the subject 2022 GMC Sierra 1500 to be $63,435.96"); Dkt. # 16-1 ¶ 7, Ex. 2 (RISC stating vehicle's purchase price of $63,435.96). Thus, the requisite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06825-MWC-MAA                                                  Date: September 17, 2025

Title   Logan A. Arias *et al.* v. General Motors LLC *et al.*

amount in controversy for federal question jurisdiction was clearly established more than 30 days before GM removed this action.

GM has not shown that its removal was based on any information obtained within the 30 days before removal, rather than on the information in the original complaint and the RISC and related production. Instead, GM argues that case law is divided on various issues of damages calculations, which casts doubt on whether removal would have been proper sooner. *See, e.g.*, *Opp.* 2–3 (describing different approaches among district courts in the Ninth Circuit); *id*. 12 (noting "discordant authority as to whether the Song-Beverly damages may be aggregated to meet the MMWA threshold"). Any doubt must be resolved in favor of remand. *Gaus*, 980 F.2d at 566. In light of the strong presumption against removal, GM has not met its burden to show that the removal was timely.

Plaintiffs' motion is therefore **GRANTED**.

III.   Request for Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Jordan*, 781 F.3d at 1184 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

Although the Court rejects GM's argument that conflicting Ninth Circuit case law as to damages calculations casts sufficient doubt on the timeliness of removal, the Court finds the law on the issue is not clear enough to support an award of attorney's fees as a sanction to the losing litigant. *See Lussier*, 518 F.3d at 1066. Accordingly, the Court declines to exercise its discretion under 28 U.S.C. § 1447(c) to award Plaintiffs attorney's fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06825-MWC-MAA                                    Date: September 17, 2025

Title    Logan A. Arias *et al.* v. General Motors LLC *et al.*

IV.    Conclusion

    For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand this case to the Superior Court of California, County of Los Angeles.  It directs the Clerk of the Court to **CLOSE** this case.  JS-6

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |